NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 25 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LEE EDWARD SZYMBORSKI,

   Plaintiff - Appellant,

 v.

STATE OF NEVADA; NEVADA
DEPARTMENT OF ADMINISTRATION;
AARON DARNELL FORD; NEVADA
ADMINISTRATIVE OFFICE OF THE
COURTS; NEVADA EIGHTH JUDICIAL
DISTRICT COURT; NEVADA EIGHTH
JUDICIAL DISTRICT COURT
ADMINISTRATION; Chief Judge LINDA
MARIA BELL; Nevada Supreme Court
Chief Justice JAMES W. HARDESTY;
Nevada Court of Appeals, Chief Judge
MICHAEL P. GIBBONS; COUNTY OF
CLARK; Governor STEVE SISOLAK,

   Defendants - Appellees.

No. 23-2787

D.C. No. 2:22-cv-01164-JAD-VCF

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted April 22, 2025[**]

---

  [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before:     GRABER, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Lee Edward Szymborski appeals pro se from the district court's judgment dismissing his action alleging violations of the Americans with Disabilities Act and the Rehabilitation Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Lund v. Cowan*, 5 F.4th 964, 968 (9th Cir. 2021). We affirm.

The district court properly dismissed Szymborski's action because his claims are barred by judicial immunity. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (describing factors relevant to whether an act is judicial in nature and subject to absolute judicial immunity); *see also Lund*, 5 F.4th at 972 (explaining that "there can be no respondeat superior liability where there is no underlying wrong by the employee, which includes situations in which the employee is immune to suit").

**AFFIRMED.**

---

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)